

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 20793596**
**Date Processed: 12/06/2019**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Jeff Kinney and Stacy Kinney vs. Nationwide General Insurance Company and Pinkey Hartline, Jr. |
| **Matter Name/ID:** | Jeff and Stacy Kinney vs. Nationwide General Insurance Company and Pinkey Hartline, Jr. (9816644) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Brazos County District Court , TX |
| **Case/Reference No:** | 105627-CV |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/05/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Law Office of Lynn J. Klement<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



**DEFENDANT'S EXHIBIT A**

THE STATE OF TEXAS                                                                    CITATION

## Cause No. 105627-CV
## 412th District Court

DELIVERED THIS 5 DAY OF *December* 20 19
CARLOS B. LOPEZ
CONSTABLE, PCT 5, TRAVIS COUNTY, TEXAS
BY: _____
DEPUTY

TO:  **Nationwide General Insurance Company**                          Defendant
     **Corporation Service Company**
     **211 E. 7th Street, Suite 620**
     **Austin, Texas  78701**

NOTICE:

You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **412th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **15th day of November, 2019**.  It bears Cause No. **105627-CV** and Styled:

**Jeff Kinney, et al**
**vs.**
**Nationwide General Insurance Company, et al**

The name and address of the Attorney filing this action (or Party, if Pro se) is, **Lynn J. Klement, Law Office of Lynn J. Klement, PO. Box 1744, Angleton, TX  77516-1744.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **18th day of November, 2019.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____  Deputy          Carlos B. Lopez
       Brandi Anderson                         Constable Pct. 5, Travis County, Texas



Citation

Filed for Record
11/15/2019 12:04 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
105627-CV
Cathy Richard, Deputy

CAUSE NO. 105627-CV

| | | |
|---|---|---|
| JEFF KINNEY and STACY KINNEY | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs | § § | |
| V. | § § | BRAZORIA COUNTY, TEXAS |
| NATIONWIDE GENERAL INSURANCE COMPANY and PINKEY HARTLINE, JR. | § § § § | 412TH JUDICIAL DISTRICT |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

JEFF KINNEY and STACY KINNEY, Plaintiffs, complain of Nationwide General Insurance Company and Pinkey Hartline, Jr., Defendants, and show:

### I.

This is a lawsuit for breach of an insurance contract and for violation of the TEXAS INSURANCE CODE. Discovery is intended to be conducted under Level 3 of T.R.C.P. 190.4

### II.
### PARTIES

Plaintiff are husband and wife who reside in Brazoria County, Texas

Defendant, Nationwide General Insurance company ("Nationwide") is a corporation doing business in Texas and Brazoria County, Texas. Nationwide may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant, Pinkey Hartline, Jr., is an individual doing business as an insurance agent in Lake Jackson, Texas. He may be served with process at his place of business located at 504 This Way, Suite A, Lake Jackson, Texas 77566.

**POOR ORIGINAL**

## III.

As required by Rule 47(b), TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $200,000.00, but not more than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

Venue of this case is properly in Brazoria County because the property is located in Brazoria County, Texas and this claim arose in Brazoria County.

## IV.
## BACKGROUND FACTS

Plaintiffs own a home located at 276 Plum Circle, Lake Jackson, Texas 77566. In 2017, they began to notice problems with the house including cracks in the sheetrock walls, shower separation in the master bedroom and other issues. They contacted their insurance agent, Defendant Hartline, about the problems on November 3, 2017. Defendant Hartline informed the Plaintiffs that the damage would be covered under their Nationwide policy if the foundation problems were caused by water leaks under the slab. After inspection by a foundation repair business and a plumbing inspection, Plaintiffs suspected that the house had significant foundation problems likely caused by plumbing leaks in the piping under the house slab. The date of loss assigned by Nationwide to this claim was December 2, 2017. A claim for damages was filed on December 4, 2017, under Claim No. 390861-GG, Policy No. 7842HO855917.

## V.
## ENGINEER REPORT

Nationwide retained National Loss Consultants ("NLC") to conduct an engineering investigation of the 276 Plum Circle residence to determine if the slab problems were caused by the plumbing leaks. The NLC report was prepared by an engineer not licensed as a professional engineer by Texas. The report was signed by a licensed professional engineer, E. Earl Peebles, P.E., however, Mr. Peebles never visited the Kinney residence in person. The NLC Report contained inaccuracies and errors. It attributed a significant cause of the foundation problems to a tree that was erroneously located in the report. Significantly, the NLC engineer told the Kinneys not to use the master bath or that could cause further damage to the house due to the plumbing leaks.

After having the errors pointed out, NLC issued amended reports, but never deviated from its basic conclusion that the foundation and structural damages were not due to the leaking sanitary drain lines under the house. As a result, Nationwide denied most of the Plaintiffs' claims.

## VI.
## REPAIRS

Ultimately, the Kinneys decided that the plumbing and foundation repairs had to be made to their house to stop further damage and to return the house to a functioning condition. During the foundation and plumbing repair process, the house could not be occupied. Despite this, Nationwide refused to provide additional living expenses under the Homeowner's Policy for the time the house could not be occupied. Repairs were completed in July 2018.

## VII.
## NATIONWIDE DENIAL OF CLAIM

Nationwide paid for the replumbing of the sewage plumbing lines, but refused to cover the foundation repairs, the repairs of most of the interior wall cracks and other repairs deemed as "cosmetic" by NLC and Nationwide and living expenses incurred by the Kinneys.

During the claim process, the Kinneys repeatedly asked their agent, Hartline, to come to their house and see its condition both as to the damage and as to the livability of the house during the repairs. Although Hartline initially stated damage due to water line leaks would be covered and agreed to come to the house to see the damage, Hartline ultimately refused to come to the property and refused to assist the Kinneys in obtaining coverage for their claim.

## VIII.
## VIOLATIONS OF TEXAS INSURANCE CODE

A.  Section 541 of TEXAS INSURANCE CODE

Defendant Nationwide has violated Section 541.060 of the TEXAS INSURANCE CODE by:

a) failing to effectuate a prompt, fair and equitable settlement of the Plaintiffs' claim after it became reasonably clear that the structural and foundation damage to the home was caused by water leakage from under the slab waste water piping and after it was reasonably clear that interior "cosmetic" damage was also caused by the piping failures;

b) refusing to pay a claim for repairs and additional living expenses without conducting a reasonable investigation of the claim;

c) failing to provide a reasonable explanation for denial of their claim;

B.  Defendant Hartline has violated Section 541.060 of the TEXAS INSURANCE CODE by:

a) misrepresenting to the Kinneys a material fact or policy provision relating to the coverage of their claim;

b) failing to provide a reasonable explanation for the denial of the claim;

c) refusing to conduct a reasonable investigation of their claims.

C.      Under Section 541.152 of the TEXAS INSURANCE CODE, Defendants are liable for actual damages, court costs and reasonable attorney's fees.

D.      Section 542 of the TEXAS INSURANCE CODE

Defendant Nationwide has failed to promptly pay the Kinneys' claims after being provided all information it requested. Under Section 542.060 of the TEXAS INSURANCE CODE, Nationwide is liable for the amount due on the claim, plus 18% a year and reasonable attorney's fees.

## IX
## BREACH OF CONTRACT

Plaintiffs took out Homeowner Policy No. 7842HO855917 covering the residence located at 276 Plum Circle, Lake Jackson, Texas from Nationwide General Insurance Company issued on May 15, 2017. Their agent was listed as Pinkey Newton Hartline, Jr., Agent No. 1429772.

The policy included a dwelling foundation endorsement and water damage endorsement.

Plaintiffs filed a claim for damages to their foundation caused by leakage of the under the slab wastewater piping as well as the resulting damage to the house structure (walls, baseboards, tile, wall separation, etc.) resulting from the foundation failure.

Despite clear evidence that the wastewater piping did fail and cause foundation failure, Nationwide has refused to pay damages for foundation repairs, alternate living expenses, and repair to the house structure (except for a small area of the house). Nationwide's actions have breached its contract with the Kinneys who now sue to collect the costs to repair the damage to their house which Nationwide refused to cover, as well as alternate living expenses and attorney's fees.

## X.
## DAMAGES

Plaintiffs have suffered damages in the form of costs incurred to repair the foundation, to fully repair the structure of their house and to cover living expenses for the time their house could

not be lived in while the repairs were being made. Plaintiffs damages are in an amount within the jurisdictional limits of this Court.

The conduct of Nationwide was performed knowingly and, pursuant to Section 541.152(b) of the TEXAS INSURANCE CODE, Plaintiffs are entitled to recover, in addition to actual damages, additional damages not to exceed three times the actual damages in total.

It was necessary for Plaintiffs to retain the services of the undersigned attorney and to agree to pay him a reasonable fee. Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, et seq., and TEXAS INSURANCE CODE, Section 541.152(a)(1), Plaintiffs are entitled to recover reasonable and necessary attorney's fees from Defendants.

## XI.
## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 TEXAS RULES OF CIVIL PROCEDURES, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a),(b),(c),(d),(e),(f),(g),(h),(i) (j) (k) and (l).

WHEREFORE, Plaintiffs have performed all conditions precedent to filing this suit and pray that Defendants be cited to appear and answer herein, and upon final hearing hereof, Plaintiffs have and recover judgment against Defendants as follows;

1. For recovery of consequential damages due to Nationwide's failure to pay for repairs and living expenses under the policy;

2. For additional damage from Nationwide due to its knowing violation;

3. For reasonable and necessary attorney's fees;

4. For pre-judgment and post-judgment interest at the highest legal rate as applicable;

5. Costs of Court; and

6. Such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

LAW OFFICE OF LYNN J. KLEMENT

By: _____
LYNN J. KLEMENT
State Bar No. 11567900
lklement@sbcglobal.net
P.O. Box 1744
Angleton, Texas 77516-1744
(979) 849-1175
(979) 849-8928 Facsimile
Attorney for Plaintiff